**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| COREY B. WILSON,           )<br>                              )<br>       Plaintiff,           )<br>                              )<br>vs.                          )      Case No. 16−cv−1351−MJR<br>                              )<br>SCOTT WRIGHT, and         )<br>PHILLIP MCLAURIN            )<br>                              )<br>       Defendants.           ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Corey Wilson, an inmate in Western Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred while he was incarcerated in St. Clair County Jail. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this Complaint are subject to dismissal.

### The Complaint

On September 23, 2015, Plaintiff was a pretrial detainee in the custody of the St. Clair County Jail, in Belleville, Illinois. (Doc. 1-1, p. 12). Plaintiff was transported to the St. Clair County courthouse that day wearing leg shackles and waist cuffs. *Id.* Wright was the officer in charge of transport and maintaining order in the courthouse. *Id.* Wright escorted Plaintiff to a holding tank on the 3rd floor. *Id.* There are two 6 foot by 6 foot holding tanks, each with a secure door with a screen or mesh window. *Id.*

Plaintiff met with his attorney at approximately 2 pm. (Doc. 1-1, p. 13). While returning to the holding cell area, the inmate in holding cell #1, Michael Brock, called Plaintiff a name. *Id.* Plaintiff spat at Brock through the mesh window. *Id.* Wright then grabbed Plaintiff by the back of his jumpsuit, and employed a hip-style throw down to take Plaintiff to the floor, ripping Plaintiff's jumpsuit in the process. (Doc. 1-1, p. 14). Plaintiff's knee and head struck the concrete floor. *Id.* Plaintiff skinned his knee. *Id.* Plaintiff also cut his face above his left

eyebrow. *Id.* Plaintiff remained shackled throughout the entire incident. *Id.* Wright placed Plaintiff back in holding cell #2, and then called a nurse to come see him. *Id.* The nurse bandaged Plaintiff and then he was taken back to the county jail. (Doc. 1-1, p. 15).

Plaintiff was examined by a nurse at the jail. *Id.* Plaintiff alleges that he should have been monitored for a concussion. *Id.* Plaintiff also alleges that someone forged his signature on a medical services refusal form on September 30, 2015, when he was scheduled for a follow-up visit. *Id.* Plaintiff began the grievance process on January 24, 2016 because he experienced vision loss in his left peripheral vision. (Doc. 1-1, p. 16). He also experienced migraines and neck pain. *Id.* Plaintiff was eventually found to have significant loss of vision in his left eye. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Wright used excessive force against Plaintiff in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

However, the following claim must be dismissed at this time:

> **Count 2 –** McLaurin disregarded Plaintiff's grievances and letters, causing staff to delay Plaintiff's medical appointments in an attempt to cover up the situation.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to

3

maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Here Plaintiff has clearly stated a claim against Wright for excessive force. Although the Complaint suggests that some force was justifiable, Plaintiff alleges that he was handcuffed and his legs were shackled, and the other inmate involved in the incident was behind a locked door, suggesting that minimal force, if any, was necessary to resolve the situation. Plaintiff's **Count 1** will be permitted to proceed at this time.

However, Plaintiff's claim against McLaurin in **Count 2** must be dismissed without prejudice. First of all, Plaintiff did not actually name McLaurin in his statement of claim. That alone would be fatal to proceeding against him. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Secondly, there is no supervisory liability under § 1983. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus to the extent that Plaintiff is trying to bring a claim against Wright's supervisor because Wright is his employee, the claim fails.

Additionally, failure to respond to grievances regarding the excessive force incident would not make McLaurin liable. Under the Eighth Amendment, a correctional officer may be held liable for failing to intervene if he or she has a realistic opportunity to step forward and protect a plaintiff from another officer's excessive force, but fails to do so. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). However, Plaintiff has not alleged that McLaurin was present during the incident. He has only alleged that he wrote McLaurin letters and grievances after the incident. That gives McLaurin no opportunity to intervene, so he cannot be held liable on those grounds. While there are some causes of action where a failure to address grievances can create liability, *see Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), Plaintiff has not alleged that any defendant was deliberately indifferent here.

And Plaintiff has no claim based on the refusal to respond to grievances standing alone. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v.*

5

*Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiff's exhibits suggest his grievances were responded to, just not in the manner which he would have liked. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). For all of the above reasons, the Court dismisses **Count 2** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives against Defendant Wright. **Count 2** is **DISMISSED without prejudice**. McLaurin is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant **Wright**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 10, 2017**

                                                  s/ MICHAEL J. REAGAN
                                                     **U.S. District Judge**