# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY B. WILSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-1351-MJR-SCW |
| SCOTT WRIGHT, | ) ) ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**REAGAN, Chief Judge:**

This prisoner civil rights lawsuit under 42 U.S.C. 1983 was filed by Corey Wright (Plaintiff) while incarcerated at Western Correctional Center and presents claims of excessive force occurring while he was a pretrial detainee St. Clair County Jail (within this Judicial District). On threshold screening of the complaint under 28 U.S.C. 1915A, the undersigned dismissed one claim without prejudice but found cognizable a claim that Scott Wright used excessive force against Plaintiff in violation of the Eighth Amendment's prohibition on cruel and unusual punishment (Doc. 7, p. 3).

Defendant Wright answered the complaint, the case was set for trial, and a discovery schedule was entered. On August 3, 2018, Wright moved for summary judgment and separately moved to seal the exhibits supporting the motion. The Honorable Stephen C. Williams, United States Magistrate Judge, set a telephone conference/hearing on the motion to seal exhibits for September 12, 2018. Plaintiff failed to call in to the hearing. He also failed to respond in writing to either motion.

Plaintiff was released from incarceration during the pendency of this lawsuit. He updated the Court with one address change – to an apartment in Greenville, Illinois in January 2017. He has not notified the Court of any other change. He advised defense counsel (in an August 2018 phone conversation) that he had moved to Indiana, but he has not apprised the Court of this move or otherwise met his obligation to keep the Court informed of any address change. Defendant's attempts to mail pleadings to Plaintiff at the address given to defense counsel resulted in materials being returned as undeliverable. Calls to Plaintiff's last known telephone number are met with a message indicating that service has been disconnected.

At the September 12, 2018 hearing before Judge Williams (at which Plaintiff did not appear or call in), defense counsel orally moved to dismiss this case for want of prosecution. Now before the Court is a Report and Recommendation issued by Judge Williams (Doc. 34, R&R), recommending that the undersigned District Judge grant Defendant's motion and dismiss this case under Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute.

The R&R plainly stated (in bold and underlined text) that any objection must be *filed* by October 1, 2018 (Doc. 34, p. 4). That date passed four days ago, with neither an objection nor a motion for extension of the objection deadline filed. Because no objection was lodged against the R&R, the undersigned need not conduct de novo review of the R&R. **28 U.S.C. 636(b)(1)(C) (A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.);** *Thomas v. Arn*, **474 U.S. 140 (1985);**

*Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS** in its entirety Judge Williams' R&R (Doc. 34), **GRANTS** Defendant's oral motion (Doc. 32), and **DISMISSES this case with prejudice** under Rule 41(b). Judgment shall be entered in favor of Defendant Wright and against Plaintiff.

IT IS SO ORDERED.

DATED: October 5, 2018

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge